Hay, Judge,
delivered the opinion of the Court:
The plaintiff is the owner and holder of 300 shares of the capital stock of the Metropolitan Company, and thereby is entitled to a license to use box No. 15 upon the parterre tier of the Metropolitan Opera House.
On December 30, 1919, the plaintiff without protest made a return and paid tax thereon under the provisions of section 800 (a), paragraph (5) of the revenue-act of 1918, said return being based upon an admission price of $60 per performance during the opera season extending from November 1919, to April, 1920, both inclusive.
On December 24, 1919, the Commissioner of Internal Revenue made a ruling that any, stockholder of the Metropolitan Company selling a ticket for admission to any of the boxes held by the stockholders of said company, whether the sale of tickets was direct or through the opera house box office, was subject to the tax imposed by paragraph (3) of section 800 (a) of the revenue act of 1918.
In compliance with that ruling the plaintiff on January 28, 1920, made a return to the collector of internal revenue for the second district of New York, setting forth that she had, in consideration of the sum of $9,525 sold tickets to her box in the said opera house for 47 performances during the grand opera season from November, 1919, to Arpil, 1920, both inclusive; and the plaintiff paid to the said collector the sum of $3,352.50, being a tax equivalent to 50 per centum of the excess of said sum of $9,525' over an amount equal to $60 for each of said 47 performances, said return being filed and said payment being made under protest. Thereafter, on October 23,1920, the plaintiff presented to the Commissioner of Internal Revenue a claim for the refunding of said tax and alleged that the same was erroneously or illegally collected. On May 27, 1921, the Commissioner of Internal Revenue rendered a decision on said claim and rejected the same. Whereupon the plaintiff brought this suit to recover from the United States the said sum of $3,352.50.
The decision of this case depends upon the construction which is to be placed upon paragraph (3) of section 800 *661 (a) of the revenue act of 1918, taken in connection with, paragraph (5) of the same section and act.
Paragraph (5) reads as follows:
“ In the case of persons having the permanent use of boxes or seats in an opera house or any place of amusement or a lease for the use of box or seat in such opera house or place of amusement (in lieu of the tax imposed by paragraph (1)), a tax equivalent to 10 per centum of the amount for which a similar box or seat is sold for each performance or exhibition at which the box or seat is used or reserved by or for the lessee or holder, such tax to be paid by the lessee or holder.”
Under this paragraph the plaintiff made a return and paid the tax. In making said return she fixed the price of the box which she holds at $60, which was equivalent to $10 for each ticket sold for said box, it appearing that six tickets for said box for each performance are issued to the holder of the box, prior to the opening of the opera season. The plaintiff in this case employed an agent to sell and dispose of the said tickets for her. The agent sold the tickets, and after deducting his' commission for his sendees turned over the proceeds of said sales to the plaintiff. The taxes were paid by the plaintiff without protest, and she does not now make any claim for the refund of the taxes paid by her under paragraph (5).
Paragraph (3) of section (800) (a) of the revenue act of 1918 reads as follows:
(3) Upon tickets or cards of admission to theaters, operas, and other places of amusement, sold at news stands, hotels, and places other than the ticket offices of such theaters, operas, or other places of amusement, at not to exceed 50 cents' in excess of the sum of the established price therefor at such ticket offices plus the amount of any tax imposed under paragraph (1), a tax equivalent to 5 per cent of the amount of such excess; and if sold for more than 50 cents in excess of the sum of such established, price plus the amount of any tax imposed under paragraph (1), a tax equivalent to 50 per cent of the whole amount of such excess, such taxes to be returned and paid, in the manner provided in section 903, by the person selling such tickets.
It will be observed that under this paragraph the tax is imposed on the persons selling the tickets.
*662 The tax is imposed upon persons who sell tickets at news stands, hotels, and places. other than the ticket offices of theaters, operas, or other places of amusement. From the wording of the statute, then, it makes no difference where the tickets are sold by the person selling them. It is enough if they are sold, and it can not be said that in order to be subject to the tax the person selling them must sell them at news stands, hotels, and places of like character. If that were so the intent and purposes of the act would be defeated and the payment of the tax could very easily lie evaded.
Manifestly it was the intent and purpose of Congress that if tickets were sold for more than 50 cents in excess of the established price, plus the amount of the tax imposed under paragraph (1), a tax equivalent to 50 per centum of the whole amount of such excess should be imposed. Such tax was not confined to tickets sold at news stands, hotels, and similar places, but was to apply to all sales of tickets and to all persons selling them wherever sold. The plaintiff is not exempt from the tax imposed by paragraph (3) unless she can demonstrate that the tickets sold by her are not included in the provisions of that paragraph.
The plaintiff in order to do this contends that having paid the tax imposed by paragraph (5) she is exempt from paying the tax imposed hv paragraph (3). no matter at what price she may have sold the tickets for her box.
When Congress enacted paragraph (5) of the statute the evident purpose was to reach by a larger tax persons who were able to have the permanent use of boxes in an opera house, or who had a lease for such boxes. Tt. was not assumed that such persons would sell tickets for these boxes, or if it was. Congress might well have considered that paragraph (3) would apply as well to such persons as to other sellers of tickets. There is nothing in paragraph (5) which of itself exempts'the holders of boxes from the provisions of paragraph (3).
The plaintiff lays much stress upon the alleged fact that there was no established price for the tickets sold by her, and argues that if there was no established price for said tickets she does not come under the provisions of paragraph *663 (3) ; tbat an established price for said tickets must be shown to exist, or to be in effect at the time of the sale, before the tax can be imposed.
The Government in ascertaining the tax for which the plaintiff was liable under paragraph (5) fixed the price of the box of the plaintiff at $60 or $10 for each ticket. She paid this tax without protest and thereby acquiesced in and agreed that $60 was the price of the box for purposes of taxation under paragraph (5). If, then, $60 was the price which was recognized both by the plaintiff and the Government as being the price established for purposes of taxation under paragraph (5) it necessarily became the established price upon which to base the tax imposed by paragraph (3) if plaintiff was liable for said last-named tax, as any person would be who sold tickets for more than 50 cents in excess of the sum of the established price.
It seems to be the contention of the plaintiff that a price must be established by some person having the power of establishment. Who other than the plaintiff had the x>ower to establish the price of a box, or seats in a box, over which she had absolute control? And so when it came to establishing a price for her box for purposes of taxation she acquiesced in the price.
It is true that she sold her box for the 47 performances for a price which was far in excess of the $60. But because she established one price at one time and another price at another time, can she thereby be relieved of taxation by alleging that there was no established price as required by the statute? If so, then the statute is nugatory, not only as to the plaintiff but as to all others who might have it in their power to establish prices for tickets at first one price and then another.
The statute must be construed in the light of reason and common sense, and it is not perceived why the plaintiff should be exempted from the tax imposed by paragraph (3). She sold the tickets and obtained for them more than 50 cents in excess of the sum of the established price. The intent and purpose of Congress was to impose a tax in just such a. case, and the fact that the plaintiff paid another and *664 a different tax upon a box whicli she owned can not excuse her from paying the tax. Nor does it seem a great hardship even if the $3,000 assessment paid by her is taken into consideration, for after paying the assessment on her shares of stock and the tax she has still something over $3,000 as the result of her ticket sales.
These being the views of the majority of the court the petition of the plaintiff must be dismissed. It is so ordered.